# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARRAKUSH SOCIETY,<br><br>        Plaintiff,<br>   v.<br><br>NEW JERSEY STATE POLICE, et al.,<br><br>        Defendants. | Civil Action No. 09-2518 (JBS)<br><br>**ORDER**<br>**APPLIES TO ALL ACTIONS** |
| MARRAKUSH SOCIETY,<br><br>        Plaintiff,<br>   v.<br><br>PENNSVILLE, et al.,<br><br>        Defendants. | Civil Action No. 09-2519 (JBS) |
| MARRAKUSH SOCIETY,<br><br>        Plaintiff,<br>   v.<br><br>MOUNT LAUREL, et al.,<br><br>        Defendants. | Civil Action No. 09-2520 (JBS) |
| MARRAKUSH SOCIETY,<br><br>        Plaintiff,<br>   v.<br><br>WESTAMPTON, et al.,<br><br>        Defendants. | Civil Action No. 09-2521 (JBS) |

. . . continued

| | |
|---|---|
| MARRAKUSH SOCIETY,<br><br>        Plaintiff,<br>   v.<br><br>WILLINGBORO, et al.,<br><br>        Defendants. | Civil Action No. 09-2522 (JBS) |
| SHYAAM M.K. EL,<br><br>        Petitioner,<br>   v.<br><br>RONALD COX, et al.,<br><br>        Respondents. | Civil Action No. 09-3371 (JBS) |
| SHYAAM EL M.K.,<br><br>        Plaintiff,<br>   v.<br><br>RONALD COX, et al.,<br><br>        Respondents. | Civil Action No. 09-3372 (JBS) |
| MARRAKUSH SOCIETY,<br><br>        Plaintiff,<br>   v.<br><br>WILLINGBORO, et al.,<br><br>        Defendants. | Civil Action No. 09-3392 (JBS) |

. . . continued

| | |
|---|---|
| MARRAKUSH SOCIETY,<br><br>               Plaintiff,<br>   v.<br><br>WESTAMPTON, et al.,<br><br>               Defendants. | Civil Action No. 09-3441 (JBS) |
| MARRAKUSH SOCIETY,<br><br>               Plaintiff,<br>   v.<br><br>WESTAMPTON, et al.,<br><br>               Defendants. | Civil Action No. 09-3442 (JBS) |
| MARRAKUSH SOCIETY,<br><br>               Plaintiff,<br>   v.<br><br>PENNSVILLE, et al.,<br><br>               Defendants. | Civil Action No. 09-3502 (JBS) |
| MARRAKUSH SOCIETY,<br><br>               Plaintiff,<br>   v.<br><br>WILLINGBORO, et al.,<br><br>               Defendants. | Civil Action No. 09-3503 (JBS) |

. . . continued

| | | |
|---|---|---|
| MARRAKUSH SOCIETY,<br><br>      Plaintiff,<br>  v.<br><br>BURLINGTON COUNTY JAIL, et al.,<br><br>      Defendants. | : | Civil Action No. 09-3504 (JBS) |
| MARRAKUSH SOCIETY,<br><br>      Plaintiff,<br>  v.<br><br>MANSFIELD, et al.,<br><br>      Defendants. | : | Civil Action No. 09-3505 (JBS) |
| MARRAKUSH SOCIETY,<br><br>      Plaintiff,<br>  v.<br><br>SUPERIOR COURT, et al.,<br><br>      Defendants. | : | Civil Action No. 09-3506 (JBS)<br><br>**APPLIES TO ALL ACTIONS** |
| MARRAKUSH SOCIETY,<br><br>      Plaintiff,<br>  v.<br><br>MOUNT LAUREL, et al.,<br><br>      Defendants. | : | Civil Action No. 09-3507 (JBS) |

. . . continued

| | | |
|---|---|---|
| MARRAKUSH SOCIETY, | : | |
| Plaintiff, | : | Civil Action No. 09-3589 (JBS) |
| v. | : | |
| VINELAND, et al., | : | |
| Defendants. | : | |
| | | |
| MARRAKUSH SOCIETY, | : | |
| Plaintiff, | : | Civil Action No. 09-3590 (JBS) |
| v. | : | |
| NEW JERSEY STATE POLICE, et al., | : | |
| Defendants. | : | |
| | | |
| MARRAKUSH SOCIETY, | : | |
| Plaintiff, | : | Civil Action No. 09-3591 (JBS) |
| v. | : | |
| NEWFIELD, et al., | : | |
| Defendants. | : | |

### ORDER (APPLIES TO ALL ACTIONS)

For the reasons stated in the Opinion filed herewith,

IT IS on this _____30th_____ day of _____July_____, 2009

ORDERED that the above-captioned matters should be referred to, collectively, as the "Marrakush Cases," and the instant Order shall be referred to as the "Marrakush Cases Order"; and it is further

ORDERED that the Clerk of the Court shall docket the Marrakush Cases Order and the Opinion filed herewith in each matter comprising the Marrakush Cases; and it is further

ORDERED that the Clerk of the Court shall administratively terminate each of the Marrakush Cases; and it is further

ORDERED that the administrative termination of the Marrakush Cases shall be as follows:

1. The matter El. v. Cox, 09-3372, shall be administratively terminated, without leave to reopen, as duplicative of the matter El. v. Cox, 09-3371;

2. The matter El. v. Cox, 09-3371, shall be administratively terminated, with leave to reopen.[1] The Petitioner in that matter may have this matter reopened in the event the Clerk receives, within thirty days from the date of entry of the Marrakush Cases Order, the Petitioner's submission consisting of his amended petition executed on the District's

---

[1] In the event the petitions in El. v. Cox, 09-3372, and/or El. v. Cox, 09-3371, were intended to be submitted pursuant to 28 U.S.C. § 2254, the Court denies the Petitioner certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the Petitioner failed to assert even any judgment of conviction subject to the challenged, and the remaining submissions indicate that both petitions are unexhausted, and the Petitioner appears to be not "in custody." Therefore, jurists of reason would not find the Court's reading of the procedural disposition of these matters debatable. Accordingly, no certificate of appealability will issue with respect to these petitions as drafted. The Court reserves revisiting the issue in the event the Petitioner submits non-duplicative amended petition(s) complying with requirements posed by the Habeas Rules.

habeas form and either: (a) the Petitioner's filing fee of $5.00; or (b) his duly executed application to proceed in forma pauperis. In the event the Clerk receives any other submission from the Petitioner, e.g., a submission failing to include the filing fee or a proper in forma pauperis application, or a petition not executed on the District's blank form, or a submission that includes any "civil action warrants," "criminal complaint warrants," etc., the Clerk shall:

a.  enter a new and separate entry on the docket of El. v. Cox, 09-3371, reading "civil action reopened";

b.  scan into the docket solely the documents resembling the petition, if included, and in forma pauperis application, if attached;

c.  file the entire received submission, in hard copy, with the Office of the Clerk;

d.  enter a brief summary-type notation as to other documents included in the package, without scanning or individually docketing such documents;

e.  enter a new and separate entry on the docket, reading "civil action closed, subject to reopening, pursuant to the order entered in the Marrakush Cases; notice forwarded to the petitioner";

f.  forward the Petitioner a copy of the docket sheet, by regular U.S. mail, together with a cover letter reading: "Your submission is rejected, pursuant to the order entered in the Marrakush Cases. You may have this matter reopened if, within thirty days from the date of issuance of this notice, you submit an application complying with the order entered in the Marrakush Cases, see, e.g., Civil Action 09-2522, Docket Entries Nos. 2 and 3";

3. The matter <u>Marrakush Society v. Township of Willingboro</u>, 09-2522, shall be administratively terminated with leave to reopen, subject to the limitations provided below in the Paragraphs 11 and 12 of this Order. This leave, however, is granted solely with respect to the first complaint out of the nine complaints currently docketed in that matter, <u>i.e.</u>, with respect to the complaint docketed in that matter as Docket Entry No. 1, at 1-2. In the event the Plaintiffs wish to prosecute any other complaint docketed in that matter, the Plaintiffs shall commence a new and separate action on the basis of each such complaint, by submitting documents complying with the limitations provided below in the Paragraphs 11 and 12 of this Order;

4. The matter <u>Marrakush Society v. Township of Willingboro</u>, 09-3503, shall be administratively terminated with leave to reopen, subject to the limitations provided below in the Paragraphs 11 and 12 of this Order. This leave, however, is granted solely with respect to the eighth complaint out of the fourteen complaints currently docketed in that matter, <u>i.e.</u>, with respect to the complaint docketed in that matter as Docket Entry No. 1, at 31-32;

5. The matter <u>Marrakush Society v. Township of Westampton</u>, 09-2521, shall be administratively terminated with leave to reopen, subject to the limitations provided below in the Paragraphs 11 and 12 of this Order. This leave, however, is granted solely with respect to the first complaint out of the two complaints currently docketed in that matter, since the second complaint is duplicative of that docketed in <u>Marrakush Society v. Township of Westampton</u>, 09-3442. Similarly, the matter <u>Marrakush Society v. Township of Mount Laurel</u>, 09-2520, shall be administratively terminated with leave to

reopen, subject to the limitations provided below in the Paragraphs 11 and 12 of this Order. This leave, however, is granted solely with respect to the first complaint out of the two complaints currently docketed in that matter, since the challenges set forth in the second complaint shall be raised either in a new and separate action or in the amendment to the first complaint in the event that the requirements of Rule 20 are met;

6. The matter Marrakush Society v. Township of Westampton, 09-3441, shall be administratively terminated without leave to reopen, since the complaint in that matter is duplicative of that docketed as the first complaint in Marrakush Society v. Township of Westampton, 09-2521;

7. The matter Marrakush Society v. Township of Pennsville, 09-3502, shall be administratively terminated without leave to reopen, since the complaint in that matter is duplicative of that docketed as the first complaint in Marrakush Society v. Township of Pennsville, 09-2519;

8. The matter Marrakush Society v. Township of Westampton, 09-2521, shall be administratively terminated with leave to reopen, subject to the limitations provided below in the Paragraphs 11 and 12 of this Order. This leave, however, is granted solely with respect to the second complaint currently docketed in that matter, since the first complaint is duplicative of that docketed in Marrakush Society v. Township of Mount Laurel, 09-3507;

9. The matter Marrakush Society v.Township of Mansfield, 09-3505, shall be administratively terminated without leave to reopen, since both complaints in that matter

are identical to each other and, in addition, duplicative of that docketed in <u>Marrakush Society v. New Jersey State Police</u>, 09-2518;

10. The matters <u>Marrakush Society v. New Jersey State Police</u>, 09-2518, <u>Marrakush Society v. Township of Pennsville</u>, 09-2519, <u>Marrakush Society v. Township of Willingboro</u>, 09-3392, <u>Marrakush Society v. Township of Westampton</u>, 09-3442; <u>Marrakush Society v. Burlington County Jail</u>, 09-3504, <u>Marrakush Society v. Superior Court of New Jersey</u>, 09-3506, <u>Marrakush Society v. Township of Mount Laurel</u>, 09-3507, <u>Marrakush Society v. Township of Vineland</u>, 09-3589, <u>Marrakush Society v. Township of New Jersey State Police</u>, 09-3590, and <u>Marrakush Society v. Township of Newfield</u>, 09-3591, shall be administratively terminated with leave to reopen, subject to the limitations provided below in the Paragraphs 11 and 12 of this Order; and it is further

11. Those civil matters among the Marrakush Cases that are administratively terminated with leave to reopen shall be reopened by the Clerk of the Court in the event the Clerk receives, within thirty days from the date of entry of the Order:

    a.     a submission consisting of:

        (i)     a single amended complaint executed on behalf of the Marrakush Society and/or the Aboriginal Law Firm and/or M.K. El, and/or K.S. El and/or Allah Bey, as the plaintiff(s) in that action;

        (ii)     a filing fee of $350;

        (iii)     a notice of appearance by an attorney admitted to practice before this Court, who shall sign the pleadings in accordance with Rule 11(a) of the Federal Rules of Civil Procedure; and

      (iv)    that attorney's statement verifying his/her clients actual existence as a juridical entity or as a natural person actually bearing the name stated in the amended complaint;[2]

or, alternatively,

  b.    a submission consisting of, and solely of:

      (i)    a single amended complaint, executed <u>pro se</u> by natural person(s) on the District's preprinted civil complaint form,[3] signed by the plaintiff(s) pursuant to Rule 11(a) of the Federal Rules of Civil Procedure; and

      (ii)    either the filing fee of $350 or a set of complete <u>in forma pauperis</u> application(s) from each of the plaintiff(s) named in the amended complaint.

12.    In the event the Clerk receives any non-complying submission from the Plaintiffs in the above-captioned civil actions, e.g., a submission failing to include the filing fee or a proper <u>in forma pauperis</u> application, or a complaint accompanied by "civil action warrants," "criminal complaint warrants," or a submission consisting of more than one set of pleadings, the Clerk shall:

---

[2] The Court notes that the counsel misrepresenting the existence of his/her client or submitting an amended complaint setting forth claims that his/her client has no standing to pursue, or reduced to incomprehensible language or frivolous in any other respect stands to explore the wrath of Rule 11(c).

[3] Each individual plaintiff must supply his or her legal name (birth name or legally changed name) and correct street address and postal address of residence, as required by Local Civil Rule 10.1(a).

a. enter a new and separate entry on the docket of such matter, reading "civil action reopened";

b. scan into the docket only the documents resembling civil complaint, if submitted, and in forma pauperis application, if attached;

c. file the entire received submission, in hard copy, with the Office of the Clerk;

d. enter a brief summary-type notation as to the other documents included in the package, without scanning or individually docketing such documents;

e. enter a new and separate entry on the docket, reading "civil action closed subject to reopening, pursuant to the order entered in the Marrakush Cases; notice forwarded to the plaintiff";

f. forward the plaintiff a copy of the docket sheet, by regular U.S. mail, together with a cover letter reading: "Your submission is rejected, pursuant to the order entered in the Marrakush Cases. You may have this matter reopened if, within thirty days from the date of issuance of this notice, you submit an application complying with the order entered in the Marrakush Cases, see, e.g., Civil Action 09-2522, Docket Entries Nos. 2 and 3."

ORDERED that the Court retains jurisdiction over the Marrakush Cases for the period of forty-five days from the date of entry of this Order; and it is further

ORDERED that the Clerk shall mail, by regular U.S. mail, a copy of this Opinion and the Order accompanying this Opinion at the following address: "P.O. Box 2015, Willingboro, New Jersey 08046, Attn.: Litigants who commenced actions in the District of New Jersey naming M.K. El as petitioner or the Marrakush Society as plaintiff"; and it is further

ORDERED that the Clerk shall include in the aforesaid mailing the following: (1) one blank civil complaint form; (2) one blank 28 U.S.C. § 2254 form, (3) one blank 28 U.S.C. § 2241 form, (4) one blank prisoner in forma pauperis application, and (5) one blank non-prisoner in forma pauperis application;[4] and it is further

ORDERED that the Clerk shall send, by regular U.S. mail, informational copies of the Marrakush Cases Order and accompanying Opinion to the clerks of the court at the Southern District of Florida, Eastern District of New York, District of Delaware, District of Massachusetts and District of Connecticut, as well as on the director of the New Jersey Office of Attorney Ethics.[5] The Clerk shall include in each of these mailings a cover letter reading:

> By Order of the Court in the above-captioned case, please be advised as follows for your information. The documents included in this mailing might be related to the following matters: El v. State of Delaware, 09-00144 (SLR) (D. Del.); In re El, 09-406 (unassigned) (E.D.N.Y); Aboriginal Law Firm v. Bock, 09-80067 (DTKH)

---

[4] In the event any of the Plaintiffs is incarcerated *and* is also without financial means to copy the aforesaid forms, such Plaintiff may request, in a written statement addressed to the Clerk, additional forms (not exceeding five forms of each type) to be mailed to the Plaintiff. Such written request should detail the Plaintiff's financial condition and, *in addition*, clearly designate the Plaintiff's prison/jail or SBI number, prison/jail address and the name under which the Plaintiff was admitted to the prison/jail and known to his prison/jail officials.

[5] While the content of the Aboriginal Law Firm's Internet releases and the content of the submissions currently before this Court (and those docketed in other federal courts) instil substantial doubts in this Court as to the status of the Aboriginal Law Firm as an actual law firm, and as to M.K. El's status of an attorney actually admitted to practice in the State of New Jersey, the Court cannot rule out the possibility that M.K. El is an admitted counsel, and the Aboriginal Law Firm is an entity registered to provide legal services. The Court, therefore, is in no position to determine whether M.K. El and the Aboriginal Law Firm's conduct violates the rules of attorney ethics and leaves this inquiry to discretion of the New Jersey Office of Attorney Ethics. The Court also leaves to the Office of Attorney Ethics' sound judgment the decision whether the practices of M.K. El and/or the Aboriginal Law Firm amount to unauthorized practice of law and, hence, warrant: (a) a notification of the Offices of Attorney Ethics in the States of Florida, New York, Massachusetts and Connecticut; and/or (b) a notice to the Attorney General for the State of New Jersey.

(S.D. Fla.); <u>Marrakush Society v. City of Hollywood, Inc.</u> 09-60828 (ASG) (S.D. Fla.); <u>Marrakush Society v. Broward Sheriff's Office</u>, 09-60829 (ASG) (S.D. Fla.); <u>Inter-Continental Aboriginal Union Marrakush Society v. CBS Broadcasting, Inc.</u>, 09-60830 (ASG) (S.D. Fla.); <u>Inter-Continental Aboriginal Union Marrakush Society v. The Washington Post Company</u>, 09-60831 (UU) (S.D. Fla.), as well as to the activities of the Aboriginal Law Firm in the States of New Jersey, Florida, Massachusetts, New York and Connecticut,

and it is finally

ORDERED that the Clerk shall close the files on the Marrakush Cases.


s/ Jerome B. Simandle
**Jerome B. Simandle**
**United States District Judge**